UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK         ECF CASE         **FILED**
                                                       DISTRICT COURT OF GUAM
UNITED STATES OF AMERICA,                              FEB - 6 2007

    Plaintiff,                       CV-06-8170  MARY L.M. MORAN
                                       (Karas, J.)   CLERK OF COURT
    v.

TRUSTY CAPITAL, INC.                   MISC-07-00002

    Defendant.

## AMENDED COMPLAINT

COMES NOW Plaintiff, the United States of America on behalf of its agency, the United States Small Business Administration, and for its cause of action states as follows:

### PARTIES, JURISDICTION AND VENUE

1. This is a civil action brought by the United States of America on behalf of its agency, the United States Small Business Administration (hereinafter, "SBA," "Agency" or "Plaintiff"), whose central office is located at 409 Third Street, S.W., Washington, DC 20416.

2. Jurisdiction is conferred on this Court by virtue of the Small Business Investment Act of 1958, as amended (hereinafter, the "Act"), §§ 308(d), 311, and 316, codified at 15 U.S.C. §§ 687(d), 687c, 687h; and 28 U.S.C. § 1345.

3. Defendant, Trusty Capital, Inc. (hereinafter, "Trusty" or "Defendant"), is a New York corporation currently maintaining its principal place of business at 25 West 37th Street, 5th floor, New York, New York 10018. Venue is therefore proper under 15 U.S.C. §§ 687(d) and 687h, and 28 U.S.C. § 1391(b).

## STATEMENT OF FACTS AND APPLICABLE LAW

4. Paragraphs 1 through 3 are incorporated by reference as though fully set forth herein.

5. Defendant was licensed by SBA as a small business investment company ("SBIC") on or about May 1, 1989, SBA License No. 02/02-5512, under Section 301(d) of the Small Business Investment Act, 15 U.S.C. § 681(d), solely to do business under the provisions of the Act and the regulations promulgated thereunder.

6. Section 308(c) of the Act, 15 U.S.C. § 687(c), empowers SBA to prescribe regulations to carry out the provisions of the Act and to govern the operations of SBICs. SBA has duly promulgated such regulations, which are codified at Title 13 of the Code of Federal Regulations, Part 107 (the "Regulations").

7. Defendant's Articles of Incorporation and/or other governing corporate documents expressly state that Trusty is organized, and has as its sole purpose, to operate under the Act.

8. Defendant agreed in its application for an SBIC License to comply with the Act and the Regulations promulgated thereunder in consideration for receiving an SBIC License and/or Leverage from SBA.

9. Section 303 of the Act, 15 U.S.C. § 683, authorizes SBA to provide financial assistance to licensed SBICs through several forms of leverage, including debentures and preferred securities.

10. On or about February 12, 1991, in accordance with Section 303 of the Act, 15 U.S.C. § 683, SBA provided financing to Defendant by purchasing 1,025,000 shares of Trusty's preferred stock at a par value of $1.00 per share, for a total purchase price of

$1,025,000; the preferred securities issued by Defendant to SBA are identified as SBA Loan No. 09000700-05 (the "Preferred Securities").

11. Pursuant to 13 C.F.R. § 107.1820 (2006), preferred securities issued before April 25, 1994 are governed by the remedies identified in the Regulations that are in effect at the time of their issuance. Consequently, the remedies in effect in February 1991 govern Defendant's Preferred Securities.

12. Pursuant to the Act, the Regulations including 13 C.F.R. § 107.205 (1991), and Trusty's Articles of Incorporation, Trusty was required to redeem the Preferred Securities from SBA within 15 years of the date of issuance at a price not less than the par value thereof, and to pay SBA any unpaid dividends accrued as of the redemption date.

13. The Preferred Securities are subject to the Regulations, including but not limited to the remedial provisions set forth in 13 C.F.R. §§ 107.203 and 107.906 (1991).

14. On or about March 24, 1993, in accordance with Section 303 of the Act, 15 U.S.C. § 683, SBA provided further financial assistance to Defendant by agreeing to guarantee the timely payment of all principal and interest scheduled on a $1,000,000 debenture issued by Trusty, which matured on March 1, 2003; the debenture guarantee is identified as SBA Loan No. 08003400-06 (the "Debenture").

15. When Trusty failed to pay the principal and interest due on the Debenture by March 1, 2003, SBA was required to pay the Debenture guarantee in the amount of $1,000,000.

16. By letter to Trusty dated September 2, 2005, SBA notified Trusty that under the terms of the Debenture and the Regulations, Trusty had defaulted on the

Debenture by failing to make the required payments, and that in accordance with 13 C.F.R. § 107.1810(f)(3) Trusty was being given 15 days from the date of the letter to cure the non-payment.

17. Trusty failed to cure the non-payment and by letter sent to Trusty on or about December 2, 2005, SBA enforced the remedy provided under 13 C.F.R. § 107.203(b)(1) (1991) and declared the entire indebtedness evidenced by the Debenture and Preferred Securities, including principal and accrued interest and dividends, immediately due and payable; the letter also notified Trusty that SBA intended to avail itself of any remedy available under the Act, including the institution of proceedings for the appointment of SBA or its designee as Trusty's receiver under § 311(c) of the Act.

18. By letter to Trusty dated May 4, 2006, SBA notified Trusty that it was being transferred to "liquidation status" based on its uncured condition of default, and SBA again demanded payment of the entire indebtedness evidenced by the Debenture and Preferred Securities, including principal and accrued interest and dividends.

19. On September 1, 2006, Trusty paid SBA the amount owed in connection with the Debenture, but did not pay SBA the amount owed in connection with the Preferred Securities, which amount remains outstanding.

20. Trusty was required on two separate and independent grounds to pay SBA the amount owed in connection with the Preferred Securities: (1) such amount was accelerated and became immediately due and payable on December 2, 2005, after Trusty defaulted on the Debenture, and (2) regardless of such acceleration, the Regulations and Trusty's Articles of Incorporation required Trusty to redeem the Preferred Securities,

which were issued on February 12, 1991, and pay accrued dividends by the mandatory 15-year redemption date of February 12, 2006.

21. As of October 5, 2006, the following amounts were outstanding and due to SBA: (1) Preferred Securities principal in the amount of $1,025,000, and (2) accumulated dividends of $563,565.41, plus a per diem dividend accrual of $112.33. Together the total amount owed by Trusty to SBA as of October 5, 2006, not including any interest or dividends that accrued subsequent to October 5, 2006, is $1,588,565.41.

22. Section 308(d) of the Act, 15 U.S.C. § 687(d), provides that upon determination and adjudication of noncompliance or violation of the Act or the Regulations, all of the rights, privileges and franchises of a Licensee such as Defendant may be forfeited and the company may be declared dissolved.

23. Section 311 of the Act, 15 U.S.C. § 687c, provides that if a determination by SBA that a Licensee such as Defendant, or any other person, has engaged in or is about to engage in any acts or practices which constitute or will constitute a violation of the Act or of any rule or regulation promulgated pursuant to the Act, or of any order issued under the Act, then SBA may make application for an injunction, and such Court shall have jurisdiction of such action and grant a permanent or temporary injunction, or other relief without bond, upon a showing that such Licensee has engaged in or is about to engage in any such acts or practices.

24. Section 311 of the Act, 15 U.S.C. § 687c, also provides that SBA has authority to act as receiver of the Licensee, and that upon request by SBA, the court may appoint SBA to act as a receiver.

## COUNT ONE
## FAILURE TO PAY INDEBTEDNESS

25. Paragraphs 1 through 24 are incorporated by reference as though fully set forth herein.

26. Pursuant to 13 C.F.R. § 107.203(b)(1) (1991), upon written notice by SBA, the entire indebtedness and/or the principal amount of preferred securities held by SBA may be declared immediately due and payable to SBA upon the happening of one or more events, including: (1) default in the payment of the principal or interest due under any debenture or obligation of the SBIC that is issued to, held or guaranteed by SBA; (2) nonperformance or violation, as determined by SBA, of one or more of the terms and conditions of any preferred security issued to SBA, or of any agreement with or conditions imposed by SBA.

27. In addition, failure to timely pay indebtedness, including failure to timely redeem preferred securities and pay accrued dividends, violates 13 C.F.R. § 107.906 (1991) ("Nonperformance of agreements with SBA") because such failure constitutes nonperformance of the requirements of the preferred securities.

28. By letter dated December 2, 2005, SBA accelerated Defendant's entire indebtedness evidenced by the Debenture and Preferred Securities and made demand for immediate payment in full of the entire indebtedness.

29. In addition, and regardless of such acceleration, Trusty was required under the Regulations, including 13 C.F.R. § 107.205(b)(3) (1991), and Trusty's Articles of Incorporation to redeem the Preferred Securities and pay accrued dividends by the mandatory 15-year redemption date of February 12, 2006.

30. To date, Defendant has not made full payment to SBA of the accelerated

amount due to SBA evidenced by the Preferred Securities, and has not redeemed the Preferred Securities, and thus has violated 13 C.F.R. §§ 107.203(b)(1) and 107.906 (1991).

31. As a consequence of Defendant's uncured violation of 13 C.F.R. §§ 107.203(b)(1) and 107.906 (1991), SBA is entitled to the injunctive relief provided under the Act, 15 U.S.C. § 687(d) and 687c, including the appointment of SBA as Receiver of Trusty, and is also entitled to judgment in the amount of $1,588,565.41, which includes Preferred Securities principal in the amount of $1,025,000, and accumulated dividends of $563,565.41 as of October 5, 2006; in addition, SBA is entitled to judgment for the per diem dividend accrual of $112.33 for each day after October 5, 2006, until the date judgment is entered, and to post-judgment interest thereon.

## COUNT TWO
## NONPERFORMANCE

32. Paragraphs 1 through 31 are incorporated by reference as though fully set forth herein.

33. The Regulations, including 13 C.F.R. § 107.205(b)(3) (1991), and Trusty's Articles of Incorporation required Trusty to redeem the Preferred Securities and pay accrued dividends by the 15-year mandatory redemption date of February 12, 2006.

34. Under 13 C.F.R. § 107.203(b)(1)(ii) (1991), upon written notice by SBA, the entire indebtedness and/or the principal amount of preferred securities held by SBA may be declared immediately due and payable to SBA upon the nonperformance, as determined by SBA, of one or more of the terms and conditions of any preferred security issued to SBA, or of any agreement with or conditions imposed by SBA.

35. Thus, Defendant's failure to redeem the Preferred Securities and pay accrued dividends by February 12, 2006, constitutes a violation of 13 C.F.R. § 107.203(b)(1)(ii) (1991) for nonperformance of its obligations to SBA.

36. As a consequence of Defendant's continuing nonperformance in violation of 13 C.F.R. § 107.203(b)(1)(ii) (1991), SBA is entitled to the injunctive relief provided under the Act, 15 U.S.C. § 687(d) and 687c, including the appointment of SBA as receiver of Defendant, and is also entitled to judgment in the amount of $1,588,565.41, which includes Preferred Securities principal in the amount of $1,025,000, and accumulated dividends of $563,565.41 as of October 5, 2006; in addition, SBA is entitled to judgment for the per diem dividend accrual of $112.33 for each day after October 5, 2006, until the date judgment is entered, and to post-judgment interest thereon.

## COUNT THREE
## NONCOMPLIANCE

37. Paragraphs 1 through 36 are incorporated by reference as though fully set forth herein.

38. Pursuant to 13 C.F.R. § 107.203(b)(1)(iii) (1991), upon written notice by SBA, the entire indebtedness and/or the principal amount of preferred securities held by SBA may be declared immediately due and payable to SBA upon the failure of the Licensee, as determined by SBA, to comply with one or more of the provisions of the Act or the Regulations.

39. In violation of the Act and the Regulations, including 13 C.F.R. §§ 107.500 and 107.503, Trusty: (a) engaged in financing activities not contemplated by the Act by providing financing to three small concerns where a business use of some or all of the financing proceeds could not be established, and (b) failed to adhere to the required

valuation guidelines regarding the valuation of loans made to two small concerns.

40. As a consequence of Defendant's noncompliance with the Act and the Regulations, Defendant has violated 13 C.F.R. § 107.203(b)(1)(iii) (1991), and SBA is entitled to the injunctive relief provided under the Act, 15 U.S.C. § 687(d) and 687c, including the appointment of SBA as Receiver of Trusty, and is also entitled to judgment in the amount of $1,588,565.41, which includes Preferred Securities principal in the amount of $1,025,000, and accumulated dividends of $563,565.41 as of October 5, 2006; in addition, SBA is entitled to judgment for the per diem dividend accrual of $112.33 for each day after October 5, 2006, until the date judgment is entered, and to post-judgment interest thereon.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays as follows:

A. That preliminary and permanent injunctive relief be granted restraining Defendant, its managers, general partner, limited partners, officers, agents, employees, financial advisors, and other persons acting on Defendant's behalf, in concert or participation therewith from: (1) making any disbursements of Defendant's funds; (2) using, investing, conveying, disposing, executing or encumbering in any fashion any funds or assets of Trusty, wherever located; and (3) further violating the Act or the Regulations promulgated thereunder;

B. That this Court determine and adjudicate Trusty's noncompliance with and violation of the Act and the Regulations promulgated thereunder;

C. That this Court take exclusive jurisdiction of Trusty and all of its assets, wherever located, appoint SBA as permanent, liquidating receiver of Trusty for the

purpose of liquidating all of Trusty's assets and satisfying the claims of creditors therefrom in the order of priority to be determined by this Court, and pursuing causes of action available to Trusty against third parties, as appropriate;

D.     That this Court render judgment in favor of SBA and against Trusty in the amount of $1,588,565.41, which includes Preferred Securities principal in the amount of $1,025,000 and accumulated dividends of $563,565.41 as of October 5, 2006, and in addition that this Court render Judgment in favor of SBA and against Trusty for the per diem dividend accrual of $112.33 for each day after October 5, 2006, until the date judgment is entered, and for post-judgment interest pursuant to 28 U.S.C. § 1961 thereafter; and

E.     That this Court grant such other relief as may be deemed just and proper.

Dated: Brooklyn, New York
       October 6, 2006

                              ROSLYNN R. MAUSKOPF
                              United States Attorney
                              Eastern District of New York
                              Attorney, for Plaintiff
                              One Pierrepont Plaza, 14 Floor
                              Brooklyn, New York

                      By:     _William Young_____
                              WILLIAM YOUNG (WY9160)
                              Special Assistant U.S. Attorney
                              (718) 254-6057

                              _William Young_____
                      For:    Andrea L. Mayer
                              U.S. Small Business Administration
                              409 Third Street, S.W., 7th Floor
                              Washington, D.C. 20416
                              (202) 205-6876
                              Email: andrea.mayer@sba.gov